(Surrogate's Court, New York County. December, 1902.)

1. ADMINISTRATION—RELEASE OF SURETY—ACCOUNTING BY ADMINISTRATRIX.
　　An administratrix was cited by her surety to show cause why he should not be released, as provided by Code Civ. Proc. §§ 2600, 2601, as amended by Laws 1901, c. 524. The administratrix filed a new bond, and rendered an account, to which the surety did not object. *Held*, that a decree settling the account as filed should be entered without bringing in the parties interested in the estate by a supplementary citation.

In the matter of the estate of Thora Sogaard. Proceedings to procure the release of a surety of the administratrix. Surety discharged.

Samuel S. Perry, for surety.
James A. Newman, for administratrix.

THOMAS, S. The petitioner is the surety of the administratrix of the decedent, and the proceeding is to procure its release as such surety under sections 2600 and 2601 of the Code of Civil Procedure, as amended by chapter 524 of the Laws of 1901. Up to this time the proceedings have strictly followed the statute. On the petition a citation issued, which required the administratrix to show cause why the surety should not be released from responsibility on account of any future breach of the condition of the bond, and why the administratrix should not give new sureties, and render and settle her account. On the return of this citation an order was made that the administratrix file a new bond, with sureties, within five days thereafter. Such a bond was filed within the time limited, and thereupon a further order or decree was made releasing the petitioner from liability upon the

bond from any subsequent act or default, and requiring the administratrix to render and settle her account to and including such decree, and to file such account within a time then fixed. The administratrix has filed her account in obedience to the last-mentioned order or decree. Eight days have since expired, and the retiring surety has not filed, and does not desire to file, any objections thereto. The question now presented is as to whether the proceeding may now be ended by a final decree declaring that the account as filed is "settled" within the. meaning of the statute, or. should it be extended by the issuance of a supplemental citation directed to the parties interested in the estate, and should the making of a decree be postponed until they are heard? If such a citation is required, the administratrix is not obliged to ask for it, or procure its service, since no duty is imposed upon her by the statute to institute a legal proceeding, or to demand legal relief against any one. If the surety has a legal right to demand such a supplemental citation, he has not done so, and disclaims any desire to do so. Where an executor or administrator is required to "render and settle his account" in proceedings for a compulsory accounting under sec-. tions 2726 and 2727 of the Code of Civil Procedure, the proceeding is confined to the original parties until it is made to appear "that there is a surplus distributable to creditors or persons interested," and until the surrogate has issued a supplemental citation. If the account, as filed, is not objected to by the petitioning creditor, it is the common practice, established by many precedents, to close the proceeding by an order declaring the accounts settled accordingly.

Without determining that an account filed under section 2601, now being considered, can be litigated at the instance of the resigning surety, by the issuance of a supplemental citation to all parties in interest, in the absence of any statute expressly permitting it, I am of the opinion that, unless the surety objects to the account as filed, and makes some further affirmative application, the proceeding is at an end, and must be closed by a decree settling the account on the motion of the accounting executor or administrator. Such a decree will, of course, not be binding upon strangers to the proceeding, but it places upon record the sworn declaration of the administratrix as to the condition of the estate at the time when the surety ceases to be bound for future defaulting, and may thus serve a useful purpose. The decree presented has been modified and signed.

Decree accordingly.