John D. Bennett, S.
This is a proceeding to compel an account in which the court has ordered an executor to show cause why a supplemental accounting should not be made by him *5 bringing the accounting up to date, and ‘ ‘ why such supplemental accounting should not be judicially settled and all necessary parties to the proceeding served by him with the proper citation and a final decree settling the account entered (Emphasis supplied.) The executor is in default in filing an answer to this motion, and the court must consider the propriety of the relief sought.
A proceeding to compel an accounting is highly technical and carefully scrutinized by the court, as such a proceeding is frequently the basis of an application to punish for contempt. The Surrogate’s Court Act contains a number of statutory provisions governing such a proceeding. Section 259 specifies who may petition. Section 260 permits a voluntary judicial settlement to be commenced by the fiduciary, even when a compulsory proceeding is pending, and for a consolidation. However, if the fiduciary does not. seek a voluntary accounting, his only obligation under section 253 is to file an account, and attend to be examined as to receipts and disbursements and any other matters relating to the estate or fund.
“ The sharp distinction must be observed between the filing of an account which settles the arithmetic of the doings of the representative and the directives which require payment over to creditors and interested persons. The order here under discussion is not equipped or intended to take care of delivery and payment. For one thing, delivery and payment should ordinarily not be made unless all parties are before the court. Consequently, the decree of distribution is not made until all the parties are before the court either in the case of a recalcitrant representative by further citation issued by the surrogate or in case of a cooperative representative after return of his citation to all parties.” (6 Jessup-Redfield, Surrogates Law and Practice, § 5106, pp. 415, 416.)
Section 260 of the Surrogate’s Court Act provides that when the accounting made pursuant to section 253 shows a surplus distributable to creditors or persons interested, the Surrogate may at any time issue a supplemental citation directed to the persons who must be cited on the petition for the judicial settlement of the account.
“ The statute is silent with regard to the persons who may apply to have a supplemental citation issued. Unquestionably the petitioner in the compulsory proceeding may do this * * * Regardless of statute, however, it is obvious that it will ordinarily be only the petitioner in the compulsory proceeding who would wish to have a supplemental citation issued. ” (4 Warren’s Heaton Surrogates’ Courts, § 355, par. 10, subd. [a], p. 267.) *6 In the present proceeding a petition for a compulsory account sworn to June 24,1952 was presented to this court by a legatee. A citation was issued thereon to the executor, returnable October 15, 1952, to show cause why he should not render and settle his account. The matter was adjourned from time to time and before any order was made, the executor filed an account of proceedings herein November 26, 1952 and a petition for a voluntary account. No citation was issued upon such petition because of a defect in the listing of persons interested, one Peter Gr. Rothmann being listed as now deceased without indication of who represented the estate of such deceased.
However, the account apears to be sufficient to comply with the requirements of section 253 for a compulsory account. Objections to the account were filed June 4, 1953. The matter appears to have remained dormant for nearly five years.
On May 27, 1958, a new attorney appeared, for the petitioner on the compulsory accounting and he objected to the account as filed and filed amended objections. Subsequently a notice to examine the executor on October 15, 1958 was filed with this court, and such examination was adjourned from time to time until November 29,1958. The note on the jacket of the proceeding is to the effect that the matter will not be heard until jurisdiction in the accounting proceeding has been acquired over all parties interested therein.
The amended objections are four in number, the first three of which relate to alleged omissions and the fourth charges negligence and dilatory tactics resulting in losses to the estate and the distributees.
If the fourth objection had not appeared, the petitioner objector could have examined the accounting executor according to his notice pursuant to section 253, and even had his objections determined and obtained a correct arithmetic account as mentioned in Jessup-Redfield. The fourth count relates to distributees and distribution. A determination of this issue by the court requires all persons interested be made parties.
Since the account filed shows an amount of nearly six thousand dollars distributable to creditors or persons interested, the petitioner objectant, on proper notice to the executor, may apply to this court at this time for the issuance of a supplemental citation directed to all persons interested in this estate, which the petitioner objector can serve upon such parties. Upon the return of such citation, the petitioner objectant can proceed with the examination, and the pressing of the amended objections already filed.
*7 Nothing is shown on this motion to convince this court that a supplemental account is necessary or proper at this time. Proceedings can be continued upon the account as filed and when determined, application can be made to have the executor bring his account up to date.
However, the main objection to the relief sought by this motion lies in the language emphasized by the court, which directs the executor to serve all necessary parties in this proceeding. Section 259 of the Surrogate’s Court Act provides for a citation on a compulsory account directing a person to show cause why he should not render and settle such account. It is generally assumed that settling an account requires the accounting party to cite all necessary and proper parties, but that assumption is not supported by the case law.
In Matter of Sogaard (39 Misc. 519 [Surrogate’s Ct., N. Y. County, 1902]) a surety obtained an order compelling an administratrix to render and settle her account. She filed her account pursuant to that order and the question arose whether a supplemental citation should issue to the parties interested in the estate and the decree be postponed until they were heard. The court said (p. 521):
‘ ‘ If such a citation is required, the administratrix is not obliged to ask for it or procure its service, since no duty is imposed upon her by the statute to institute a legal proceeding, or to demand legal relief against anyone. If the surety has a legal right to demand such a supplemental citation, he has not done so and disclaims any desire to do so.
11 Where an executor or administrator is required to ‘ render and settle his account ’ in proceedings for a compulsory accounting under sections 2726 and 2727 of the Code of Civil Procedure, the proceeding is confined to the original parties until it is made to appear ‘ that there is a surplus distributable to creditors or persons interested,’ and until the surrogate has issued a supplemental citation.”
For the reasons above stated, this motion is denied in all respects, without costs to either party and without prejudice to renewal thereof. The denial of this motion is not to be construed as preventing the objectant from withdrawing objection 4, proceeding to examine the accountant on the present papers, and trying the objections as so amended against the accounting party alone. The objectant also has the right at this time to retain objection 4, to apply for a citation, and serve such citation upon all the interested parties. On the return of such citation, matters of distribution and surcharge can be determined.
Settle order on five days’ notice.